UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMARA JUWARA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE,<br><br>Respondent. | Case No. 2:26-cv-04482<br><br>EX PARTE TEMPORARY RESTRAINING ORDER |

## I. ORDER

Petitioner Amara Juwara filed a Petition for writ of habeas corpus. Dkt. 1. Mr. Juwara also moves for a temporary restraining order ("TRO") preventing his transfer from this District during the pendency of the habeas proceedings. Dkt. 2.

Juwara is a citizen of The Gambia. Dkt. 1 at 5. He alleges that he is the subject of a final order of removal but has been granted withholding of removal to The Gambia. *Id.* However, his order of removal is nearly twenty years old, and he alleges his removal is not reasonably foreseeable. *Id.* at 3, 7. He alleges that ICE has not obtained travel documents from The Gambia or any other country. Dkt. 2 at 1. Juwara was detained on November 11, and Immigration and Customs Enforcement ("ICE") officers told him that he would be removed to The Gambia. Dkt. 1 at 3. After he told ICE that he had been granted withholding of removal to The Gambia,

he was told he would not be sent to The Gambia but would be transferred to Arizona, where he alleges ICE may seek to unlawfully remove him to a third country. *Id.* at 4; Dkt. 2 at 1–2. Juwara alleges his current detention is indefinite and in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Dkt. 1 at 8–9. He argues an order prohibiting his transfer is necessary because "transfer to another district could interfere with his access to counsel and ability to participate in the proceedings." Dkt. 2 at 1.

The Petition raises serious questions about whether Juwara's removal is reasonably foreseeable and whether his detention is unlawful. It also raises serious questions regarding the lawfulness of possible third country removal.

In compliance with Federal Rule of Civil Procedure 65, Petitioner's counsel, identified as the Office of the Federal Public Defender, contacted the U.S. Attorney's office about this motion. Dkt. 2 at 3. They have not received a response. *Id.*

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). Accordingly, the Court ORDERS:

1. Petitioner's motion for a temporary restraining order is provisionally GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the assigned judge may review the merits of the motion after full briefing when court hours resume.

2. Respondents (and their officers, employees, agents, or others working on their behalf) are temporarily PROHIBITED from transferring Petitioner Amara Juwara from this district—*i.e.*, the Western District of Washington. This provisional order will expire on November 30, 2026, unless modified or extended by the Court.

3. Petitioner's counsel SHALL immediately serve the petition and a copy of this Order on Respondents. Petitioner's counsel SHALL contact Respondents' counsel no later than November 17, 2026 to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

5. Entered at 7:52 P.M.

Dated this 16th day of November, 2026.

Tiffany M. Cartwright
United States District Judge