UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMARA JUWARA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. C26-4482-MLP

ORDER

The petition for writ of habeas corpus (dkt. # 1) is GRANTED. Federal Respondents have expressed their non-opposition to Petitioner Amara Juwara's request for habeas relief. (Dkt. # 9 at 1 ("Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings.").) Respondents' non-opposition represents both a concession that the petition has merit and a forfeiture of any argument that they might have raised. *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, 2026 WL 2815883, at *1 (C.D. Cal. Sep. 18, 2026).

Consequently, the Court could grant the petition on this basis alone.[1] The Court also finds, however, that Petitioner has sufficiently established in his petition that he is entitled to release.

Petitioner alleges that he entered the country in 2007 and was later granted withholding of removal to The Gambia. (Dkt. # 1 at 4.) He maintained this status for almost 20 years until he was detained by ICE on November 11, 2026, without any change of circumstance. (*Id.*) While living in the United States for decades, Petitioner completed a college degree, lived a pro-social life in Washington, and has no known criminal history. (*Id.*) Based on his allegations, the Court concludes that Petitioner's petition demonstrates a basis for release under the Due Process Clause, *see, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025); *Carrero Sanchez v. Warden, et al.*, No. 2:26-cv-3986, dkt. # 9 at 3 (W.D. Wash. Nov. 16, 2026).

The Court thus concludes that the government's decision to re-detain Petitioner without notice or hearing violated his right to procedural due process and that Petitioner has shown by a preponderance of the evidence that his immigration detention is unlawful.

Accordingly, the Court GRANTS the unopposed petition (dkt. # 1) and ORDERS that:

(1) Respondents shall release petitioner **no later than November 25, 2026**, on the same conditions that governed his release before his re-detention;

(2) Respondents shall file a status report no later than **November 30, 2026**, confirming Petitioner's release in compliance with this order;

(3) Respondents must return any property taken from Petitioner at the time of his arrest including personal identification documents (other than a passport) and employment authorization documents;

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).

(4) If Respondents seek to re-detain Petitioner while his removal proceedings are pending, Respondents must provide due process, including written notice and a hearing before a neutral decision maker, and the government must bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

Dated this 24th day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge